While I concur with the position of the majority as to the second assignment of error, I would sustain Poppe's first assignment of error. Accordingly, I must respectfully dissent from the majority's opinion on that assignment of error.
 {¶ 36} Upon review of the record, I must disagree with the majority's finding that the State presented sufficient evidence that Poppe "knowingly caused or attempted to cause physical harm" to Michelle Poppe. As noted by the majority, Michelle Poppe testified that Poppe did not choke her. While she did acquiesce in the State's assertion that she had told the police that Poppe had choked her, she unequivocally stated that the choking did not in fact occur. Additionally, upon review of Patrolman Reiher's video deposition transcript, I cannot find that Reiher testified anywhere that Michelle Poppe told him that Poppe had choked her. Apparently that was merely a conclusion reached by the State, perhaps relying on the substance of Slone's initial phone call. Finally, it was Slone and not Michelle Poppe who called the police in this matter, and Slone testified that while he thought Poppe was choking Michelle, he may have been mistaken. In fact, the persistent reference's made at trial about choking were all initiated by the State's repeated questions about choking.
 {¶ 37} Taking all these things together, I cannot find, even when viewing this evidence in the light most favorable to the prosecution, that any rational trier of fact could have found the above element proven beyond a reasonable doubt. Therefore, I would sustain the first assignment of error and reverse Poppe's conviction on the domestic violence charge.